IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>               v.<br><br>FELIX MANUEL GUZMAN-RAMOS,<br><br>Defendant. | CRIMINAL NO. 16-349 (PAD) |

**REPORT AND RECOMMENDATION**

Defendant Félix Manuel Guzmán-Ramos was charged in a one count Information wherein from on or about March 6, 2016, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendant herein, being an alien previously removed from the United States subsequent to a conviction for an aggravated felony, did knowingly and intentionally attempt to enter the United States, without obtaining, prior to his re-embarkation at a place outside the United States, the express consent from the Secretary of the Department of Homeland Security, to reapply for admission into the United States; all in violation of Title 8, United States Code, Section 1326(b)(2).

On June 8, 2016, defendant appeared before this Magistrate Judge since the Rule 11 hearing was referred by the court.  Defendant was provided with the Waiver of Indictment and a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to the only count of the Information, upon being advised of his right to have said proceedings before a

United States v. Félix Manuel Guzmán-Ramos
Criminal No. 16–349 (PAD)
Report and Recommendation
Page No. 2

---

district judge of this court.[1]  Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charge contained in above-stated the only count of the Information, he was examined and verified as being correct that he had consulted with his counsel Carlos E. Beck, prior to the hearing to enter a plea of guilty, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the hearing to enter the plea, the consent to proceed before a United States Magistrate Judge, the content of the Information and Waiver of Indictment, and charges therein, his constitutional rights, and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, by entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  He was also waiving his right to be presumed innocent and for the government to meet the

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

<u>United States v. Félix Manuel Guzmán-Ramos</u>
Criminal No. 16–349 (PAD)
Report and Recommendation
Page No. 3

---

obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the documents entitled "Fast Track Plea Agreement (Pursuant to Rule 11(c)(1)(B) FRCP)" and

United States v. Félix Manuel Guzmán-Ramos
Criminal No. 16–349 (PAD)
Report and Recommendation
Page No. 4

_____

"Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Defendant expressed his understanding of the maximum penalties prescribed by statute for the count charged in the Information and to which he was pleading guilty which is a term of imprisonment for up to twenty (20) years, a fine not to exceed two hundred and fifty thousand ($250,000.00) dollars, and a term of supervised release of no more than three (3) years.

Defendant shall pay a special monetary assessment of one-hundred dollars ($100.00), as required by Title 18, United States Code, Section 3013(a).

The above-captioned parties' estimate and agreement appear on page three (3) paragraph seven (7) of the Agreement, regarding the sentencing guideline calculations were further elaborated and explained.   For Count One it is defendant's understanding that the Base Offense Level is of Eight (8), for defendant unlawfully entered or remained in the United States illegally, pursuant to U.S.S.G. §2L1.2(a).   An increase of sixteen (16) levels is agreed for defendant was previously removed after a conviction for an alien smuggling offense that receives criminal history points, pursuant to U.S.S.G. § 2L1.2(b)(1)(A).   A reduction of three (3) levels is warranted for acceptance of responsibility and offense level is 16 or more, pursuant to U.S.S.G. § 3E1.1 (a) and (b).   A

_____

[2] Defendant acknowledged discussing the content of the "Plea Agreement Supplement" with his counsel and understanding the consequences of the same.   Defense counsel indicated he explained the content of the supplement and its consequences to defendant.

downward adjustment of two (2) levels is agreed for defendant's participation in the Fast-Track program, an early disposition program, pursuant to U.S.S.G. § 5K3.1. Accordingly, the Total Base Offense Level will be Nineteen (19), assuming a Criminal History Category of I, the imprisonment range is of 30-37 months; assuming a Criminal History Category II, the imprisonment range is of 33-41 months; assuming a Criminal History Category III, the imprisonment range is of 37-46 months; assuming a Criminal History Category IV, the imprisonment range is of 46-57 months; assuming a Criminal History Category V, the imprisonment range is of 57-71 months; and assuming a Criminal History Category VI, the imprisonment range is of 63-78 months.

The parties make no stipulation as to defendant's Criminal History Category.

The United States and the defendant, after considering the advisory Sentencing Guidelines and all applicable sentencing factors in Title 18, Untied States Code, Section 3553(a), the parties reserve the right to recommend a sentence at the lower end of the applicable Guideline Sentencing Range for a total offense level of 19 when combined with defendant's criminal history category as determined by the Court.

The United States and the defendant agree that no further adjustment or departures to the defendant's adjusted offense level shall be sought by the parties.

Defendant is an alien. Defendant acknowledges that pleading guilty and entering into this plea may have negative effects upon defendant's immigration status with the United States, which may include deportation or removal.

<u>United States v. Félix Manuel Guzmán-Ramos</u>
Criminal No. 16–349 (PAD)
Report and Recommendation
Page No. 6

As part of the written Agreement, the government, the defendant, and his counsel also agreed that they were aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled "Government's Version of the Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being

<u>United States v. Félix Manuel Guzmán-Ramos</u>
Criminal No. 16–349 (PAD)
Report and Recommendation
Page No. 7

---

released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with her client.

Defendant was read Count One of the Information in open court and he indicated he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One of the Information was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence

United States v. Félix Manuel Guzmán-Ramos
Criminal No. 16–349 (PAD)
Report and Recommendation
Page No. 8

as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Information in Criminal No. 16-349 (PAD).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Information in Criminal No. 16-349 (PAD).

IT IS SO RECOMMENDED.

The sentence hearing will be set by Hon. Pedro A. Delgado, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). See also Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, this 8th day of June of 2016.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE